CHARLES B. EDDY, PROSECUTOR, v. INHABITANTS OF THE CITY OF PLAINFIELD, RESPONDENTS.

Submitted October 14, 1927—Decided February 29, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Arthur Lovell.*

For the respondent, *Charles A. Reed.*

PER CURIAM.

This case is before this court upon a writ of *certiorari.* The writ was allowed to review an ordinance of the city of Plainfield, accepting a street or road, being a continuation of Stelle avenue, and running from Plainfield avenue on the east to Grant avenue on the west. The ordinance was adopted on April 18th, 1927. The prosecutor challenges the ordinance upon the ground that some of the land over which the street runs has never been dedicated to public use. The reasons and briefs do not raise the question as to whether *certiorari* is the proper procedure to raise the issue which we are asked to decide. We, therefore, will not pass upon this question.

The street referred to in the ordinance is some two thousand two hundred feet long. This makes the frontage on both sides four thousand four hundred feet. The prosecutor owns four hundred feet of frontage, two hundred feet on each side of the street. His lots, corner lots, are located at the Grant avenue end of the street. He claims the four hundred feet of the alleged street abutting on his property was never dedicated to public use. The respondents contend that every foot of land in the street accepted by the ordinance was dedicated. This dedication, it claims, is evidence by (1) maps placed on file by the owners showing the street; (2)

by sales of land from these maps and reference in the deeds in the description of the lands sold to the street, and (3) by the actual opening and laying out of said street with the consent of abutting land owners. The street is first mentioned in a deed dated July 11th, 1872, made by James Leonard to Edwin M. Daniel. This deed establishing a new line between the parties thereto parallel with the centre line of Eighth street, four hundred feet therefrom and extending one thousand three hundred and seven and five-tenths feet westerly from Plainfield avenue towards Grant avenue. In this deed is contained the following: "Said last-mentioned boundary line being the center line of a proposed new street to be laid out and opened sixty feet in width and designated by the parties hereto as Ninth street."

In 1874 a map was filed by the owners of the land in the office of the register of deeds for Union county. This map was entitled "Map of Choice Villa Sites and Building Plots situated in the City of Plainfield, N. J., No. 1." On this map is shown a street designated as Ninth street. The center line of the street as shown on the map substantially follows the division line between the properties of Leonard and Daniel as established by the deed between these parties dated July 11th, 1872. James Leonard, Edwin M. Daniel and Isaac W. Rushmore were the owners of the fee of the street. It appears that in every deed made by these parties or their grantees after the map was filed reference is made to the street and the existence thereof recognized.

Prior to the year 1910 Ninth street had never been marked out on the ground. It had been acknowledged to be a street in contracts made in 1894 by Rushmore with parties by the name of Barrows and Pinto and by the deeds given to execute the contracts. In 1919 the Central Holding Company offered to lay out the street, grade it, macadamize it, construct concrete sidewalks, install sewer, gas and water pipes, and plant trees along the sidewalks without expense to the property owners. This offer was accepted by the property owners and the street was graded, sewer pipes laid, concrete sidewalks and curbs constructed. No gas or water mains were installed;

the street was not macadamized, and trees along the sidewalk were not planted. The prosecutor claims that because of the failure of the Central Holding Company to fully perform. the contract he revoked his consent to the laying out of the street. The alleged revocation was evidenced by putting up signs that it was a private road.

The facts above recited are taken from the statement of the facts agreed upon between the parties to this proceeding and embodied in the state of the case. The facts have been abridged but sufficient of the facts have been recited to lay the ground-work for the consideration of the questions involved.

The first question we will consider is whether there is evidence of the dedication of the land forming the street in question sufficient to bar the prosecutor who claims from one who is alleged by the respondent to have joined in the dedication of the land to public use. It has been settled by many cases in the courts of this state that the making of deeds by landowners, recognizing the existence of a street, is conclusive evidence against them or those who claim under them of the dedication of the street to the public use. *State, Central Railroad Company of New Jersey,* v. *The City of Elizabeth,* 37 *N. J. L.* 432.

In the present case the land of the prosecutor had been deeded by instruments recognizing the existence of the street. This is conclusive evidence against the grantors or subsequent owners of the land that the street has been dedicated to the public use. *Camden* v. *McAndrews and Forbes Co.,* 85 *N. J. L.* 260. The recognition of a street by a description in a deed is as controlling as if the street were dedicated by a map. *Tweddel* v. *South Orange,* 95 *Id.* 327. Not only in the instant case is there a dedication by reference to the street in conveyances of lands abutting thereon, but there is also a dedication by the 1874 map which was filed in the Union county clerk's office by the owners of the lands out of which the street in question was carved. The conveyance of a lot by reference to a map made by a vendor and filed in the proper public office which describes the land conveyed as

bounding upon said designated street constitutes a dedication to public use of the street as laid out on the map. *Schmidt* v. *Spaeth,* 82 *Id.* 575.

The act of the prosecutor in permitting and consenting to the action of the Central Holding Company with reference to work upon the street as hereinbefore mentioned bars the prosecutor in our opinion from denying at this time that there has been a dedication of the street. His acts manifested an intent to dedicate. This was sufficient. Such an intention cannot be subsequently revoked because of the breach of contract of one who had agreed to do the work of improving the street.

We have, therefore, reached the conclusion that by the conveyances, map and acts of the prosecutor, there has been evidenced a dedication to public use of the street or road particularly described in said ordinance. The other prerequisite, namely, the acceptance of the dedication by the public in order to create it a public street, is evidenced by the passage of the ordinance attacked.

The ordinance attacked is sustained. The writ of *certiorari* is dismissed, with costs to the respondent.